KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICAH SMITH
Deputy Chief, Criminal Division

MARK A. INCIONG   CA BAR #63443
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Email:   mark.inciong@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 20 2020

at 11 o'clock and 40 min. A M
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 20-00110 JMS |
| | ) |
| Plaintiff, | ) MEMORANDUM OF PLEA |
| | ) AGREEMENT |
| vs. | ) |
| | ) DATE:   November 12, 2020 |
| MOAHENGI PAKILEATA, | ) TIME:   11:00 a.m. |
| | ) JUDGE: Hon. J. Michael Seabright |
| Defendant. | ) |
| | ) |
| | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, MOAHENGI PAKILEATA, and his attorney, Melinda Yamaga, Esq., have agreed upon the following:

## THE CHARGES

1.     The defendant acknowledges that he has been charged in an Information with violating Title 18, United States Code, Sections 1951(a) and 2119.

2.     The defendant has read the charges against him contained in the Information, and those charges have been fully explained to him by his attorney.

3.     The defendant fully understands the nature and elements of the crimes with which he has been charged.

## THE AGREEMENT

4.     The defendant agrees to waive indictment and enter a voluntary plea of guilty to Counts 1 through 2 of the Information, which charge him with affecting interstate commerce by robbery at the 7-Eleven convenience store located on Bougainville Drive in Honolulu, Hawaii by means of threatened force on August 11, 2019 (Count 1) and taking a motor vehicle from another person by force and violence or by intimidation on January 13, 2020 (Count 2).   The defendant is aware that he has the right to have this felony asserted against him by way of grand jury indictment.   The defendant hereby waives this right and

2

consents that this offense may be charged against him by way of the Information. In return, the government agrees not to file additional charges against the defendant for the criminal conduct charged in Count 2, Firearm Offense, and Count 3, Hobbs Act Robbery, of the Criminal Complaint under Mag. No. 20-00072 KJM (the "Criminal Complaint"), based on information currently known to the government.   The defendant further admits that he affected interstate commerce by robbery at the 7-Eleven convenience store located on Bougainville Drive in Honolulu, Hawaii by means of threatened force on January 12, 2020, as charged in Count 3 of the Criminal Complaint, and agrees that this may be considered as relevant conduct at sentencing.

5.     The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.     The defendant enters this plea because he is in fact guilty of affecting interstate commerce by robbery at the 7-Eleven convenience store located on Bougainville Drive in Honolulu, Hawaii by means of threatened force on August 11, 2019 and taking a motor vehicle from another person by force and violence or by intimidation on January 13, 2020 as charged in Counts 1 through 2 of the Information, and he agrees that this plea is voluntary and not the result of force or threats.

3

## PENALTIES

7.     The defendant understands that the penalties for the offenses to which he is pleading guilty include:

a.     As to Count 1, a term of imprisonment of up to 20 and a fine of up to $250,000, plus a term of supervised release up to 3 years.

b.     As to Count 2, a term of imprisonment of up to 15 years and a fine of up to $250,000, plus a term of supervised release up to 3 years.

c.     In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty.   The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.   The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

d.     **Restitution.**   The Court must also award restitution pursuant to Title 18, United States Code, Section 3663A, to the persons and entities victimized by the defendant's offenses.   The defendant understands that the Court will determine the amounts of restitution to be ordered, as well as the persons and

4

entities entitled to such restitution, with the assistance of the United States

Probation Office.   The defendant agrees to pay restitution for all losses caused by

the defendant's conduct, regardless of whether the counts of the Information

associated with such losses will be dismissed as part of this Agreement.

## FACTUAL STIPULATIONS

8.     The defendant admits the following facts and agrees that they are not

a detailed recitation, but merely an outline of what happened in relation to the

charges to which the defendant is pleading guilty:

a.     On August 11, 2019, two males entered a 7-Eleven Store

located at 4805 Bougainville Drive, Honolulu, Hawaii 96818.   One of the males

was the defendant.   The defendant brandished what appeared to be a handgun and

demanded money from the cashier while the second male took cigarettes from

behind the counter.

b.     Overall, $74.01 and 10 packs of cigarettes were taken during

the robbery.

c.     On January 12, 2020, the defendant entered the same 7-Eleven

Store carrying a knife and yelled at an employee to open register 2.   The defendant

took the money from register 2 and demanded that the employee open register 1.

A customer drove into the parking lot while the employee tried to open register 1

causing the defendant to flee the store and enter a PT Cruiser.

Overall, $49.22 was taken during the robbery.

       d.    7-Eleven Stores engage in the business of selling products and merchandise that are transported in interstate commerce, and the defendant's robbery of 7-Eleven Stores therefore affected and had the potential to affect interstate commerce.

       e.    On January 13, 2020, the defendant, dressed in security guard clothing, knocked on the window of C.L., who was driving a 2006 green Volkswagen Golf sedan, and brandished a long kitchen knife.   The defendant told C.L. to get out of the vehicle, entered the car, and drove away.   Had C.L. not complied with the defendant's commands, the defendant intended to cause serious bodily harm.

       f.    Volkswagen vehicles do not have any manufacturing plants in the State of Hawaii and therefore traveled in interstate and/or foreign commerce.

       g.    A review of surveillance footage recovered at 7-Eleven stores, the recovery of the stolen Volkswagen nearby the defendant's residence, and the fact that the defendant's mother owned a PT Cruiser led investigators to the defendant's residence.

h.      A search of the defendant's residence led to recovery of numerous items of evidentiary value implicating the defendant in the robberies and carjacking.

9.      Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10.      Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a.      As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for

7

acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

11.     The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.     The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13.     The defendant is aware that he has the right to appeal his conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The

defendant understands that this waiver includes the right to assert any and all legally waivable claims.

      a.    The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

      c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14.    In connection with the collection of restitution or other financial obligations that may be imposed upon him, the defendant agrees as follows:

     a.    The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party.   The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement.   To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office.   The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case.   The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office.   The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.   The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or

remedy, constitute the defendant's failure to accept responsibility under U.S.S.G §
3E1.1.

    b.    The defendant expressly authorizes the United States
Attorney's Office to obtain his credit report.   The defendant agrees to provide
waivers, consents, or releases requested by the United States Attorney's Office to
access records to verify the financial information, such releases to be valid for a
period extending 90 days after the date of sentencing.   The defendant also
authorizes the United States Attorney's Office to inspect and copy all financial
documents and information held by the USPO.

    c.    Prior to sentencing, the defendant agrees to notify the Financial
Litigation Unit of the U.S. Attorney's Office before making any transfer of an
interest in property with a value exceeding $1,000 owned directly or indirectly,
individually or jointly, by the defendant, including any interest held or owned
under any name, including trusts, partnerships, and corporations.

### IMPOSITION OF SENTENCE

    15.    The defendant understands that the District Court in imposing
sentence will consider the provisions of the Sentencing Guidelines.   The defendant
agrees that there is no promise or guarantee of the applicability or non-applicability

of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

16.    The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

17.    The defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.    If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

12

b.      If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c.      If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

d.      At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on his own behalf.   If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

13

e.    At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

18.    The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

19.    If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.   The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it.

14

Under those circumstances, the United States may not use those statements of the defendant for any purpose.

20.     The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21.     The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

22.     To become effective, this Agreement must be signed by all signatories listed below.

//

//

//

//

//

15

23.     Should the Court refuse to accept this Agreement, it is null and void

and neither party shall be bound thereto.

DATED:   Honolulu, Hawaii, ___11|10|2020____.

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii


_____
MICAH SMITH
Deputy Chief, Criminal Division

_____
MELINDA YAMAGA
Attorney for Defendant


_____
MARK A. INCIONG
Assistant U.S. Attorney

_____
MOAHENGI PAKILEATA
Defendant


16